UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

---

| | |
|---|---|
| Odilia Julieth Leguizamon Zubieta, Individually on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-57 |
| ABM INDUSTRIES INC., | DEMAND FOR JURY TRIAL |
| and | |
| RVA HERNANDEZ CONTRACTORS INC. | |
| Defendants. | |

---

**COMPLAINT**

**INTRODUCTION**

1.      This is a suit by a working-class immigrant laborer for wage theft and unlawful misclassification (as an independent contractor) against a janitorial company that profits from the work performed by its laborers and its labor broker who is a go-between for the janitorial company and its workers.

2.      Plaintiff Odilia Julieth Leguizamon Zubieta (hereinafter "Zubieta", "Plaintiff" or "Class Representative"), individually and/or on behalf of all others similarly situated, by and through her undersigned attorneys, brings this action against ABM Industries Inc. ("ABM"), and RVA Hernandez Contractors Inc. ("RVA Hernandez") (collectively "Defendants") for: failing to pay their employees in accordance with the Fair Labor Standards Act (Count I is brought as collective action ("opt-in") under the FLSA); misclassifying their employees as independent

1

contractors in violation of Virginia's misclassification law (Count II is brought as a class action pursuant to Rule 23); failing to pay their employees in accordance with the Virginia Overtime Wage Act (Count III is brought as a class action pursuant to Rule 23); and a claim for unlawful retaliation against Zubieta in violation of the FLSA (Count IV is an individual claim brought only by Zubieta).

3. Wage theft has been a pervasive issue in the Commonwealth of Virginia, so much so that the General Assembly recently adopted statutes designed to compensate its victims and incentivize employers' compliance with the law. Worker misclassification is another form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers are denying their employees from receiving lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation. A common form of misclassification and wage theft is through subcontractors who fail to follow federal and state wage/hour and misclassification laws. Defendants and their subcontractors have engaged in such conduct, the effect of which is to deny employees their lawfully owed wages and benefits in violation of federal and Virginia wage and misclassification laws.

4. Count I of this complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out of work that Plaintiff individually, and others similarly situated, performed for the benefit and at the direction of the Defendants. Zubieta brings her FLSA claim as a collective action on behalf of herself and those similarly situated ("Plaintiff and the Putative Collective Members") against Defendants.

5. Count II of this complaint seeks relief for claims for misclassification pursuant to Va. Code § 40.1-28.7:7. Zubieta brings her misclassification claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and Putative Class Members to recover damages permissible under the misclassification statute.

6. Count III of this complaint seeks relief for claims for unpaid overtime in violation of the Virginia Overtime Wage Act (VOWA), Va. Code § 40.1-29.2. Zubieta brings her claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and those similarly situated ("Plaintiff and the Putative Class Members") against Defendants.

7. Count IV of this complaint seeks relief for unlawful retaliation in violation of the FLSA for Defendants' termination of Zubieta after she complained about not receiving overtime pay. Zubieta brings this claim individually.

8. Zubieta asks that if Counts I, II, or III are not certified as a collective or class action that she be permitted to proceed individually with these claims. Plaintiff's Consent to join this lawsuit is attached hereto as **Exhibit 1**.

## JURISDCITION AND VENUE

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that the Plaintiff raises a question of federal law.

10. This Court has supplemental jurisdiction of all Virginia state claims pursuant to 28 U.S. Code § 1367 in that the Virginia claims are so related to the federal claim and such claims form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because the events and omissions giving rise to this lawsuit have taken place in the Richmond

Division of the Eastern District of Virginia.

12. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## PARTIES

13. Plaintiff and Putative Class/Collective Members performed labor in the Richmond, Virginia area within the last three years for the benefit of, and at the direction and under the supervision of Defendants. Plaintiff and Putative Collective Members were "employees" of Defendants as defined in the FLSA and for purposes of VOWA and Va. Code § 40.1-28.7:7.

14. Zubieta is a resident of Virginia and was employed as a janitor by ABM and RVA Hernandez.

15. Defendant ABM is a stock corporation with its principal office located at 1 Liberty Plz Fl 7, New York, NY, 10006. ABM is authorized to do business in Virginia. ABM is in the business of providing janitorial and sanitation workers, like the Plaintiffs, to schools in Virginia.

16. Defendant RVA Hernandez is a stock corporation with its principal office located at 7800 Upton Rd, North Chesterfield, VA, 23237.

## FACTUAL ALLEGATIONS

17. Zubieta began working for ABM and RVA Hernandez in February 2021 until she was terminated in November of 2022.

18. The Defendants first assigned Zubieta to work at A.M. Davis Elementary School in Chesterfield County, Virginia, then she was assigned to another school, for which she cannot recall the name, but it was also located in Chesterfield County, Virginia. Finally, the Defendants assigned Zubieta to work at James River High School in Chesterfield County.

19. Zubieta's assigned shift was generally 3:00 PM to 11:30 PM on weekdays. However, it sometimes varied, and she was assigned to work 3:30 PM- 12:30 AM or 3:45 PM – 12:45 AM on weekdays and occasionally she would work on Saturdays. She received a 30-minute meal-break each night.

20. Defendants used handwritten timesheet records to track Plaintiff's hours worked.

21. Zubieta reported to Kaiser Peralta, the ABM supervisor.

22. Plaintiff would arrive several minutes before her shift began, she would prepare her cart of cleaning materials, including stocking the cart and mixing the cleaning solutions.

23. Peralta reprimanded Zubieta for arriving early and staying to work late. Peralta instructed Zubieta that he would not record her time spent working if it was before or after her assigned shift.

24. Plaintiff's job duties included cleaning classrooms, hallways, bathrooms, and the gymnasium including windows, floors, desks and door handles ("cleaning assignments").

25. The Defendants expected that Zubieta would finish cleaning all of her cleaning assignments every day during her assigned shift.

26. Oftentimes, Zubieta could not clean all of her cleaning assignments within her assigned shift.

27. Zubieta would oftentimes work 30 minutes to an hour after her shift ended and sometimes until 1:00 AM in order to finish her cleaning assignments.

28. Peralta instructed Zubieta and those similarly situated if they finished their work at 1:00 AM, or any time later than 11:30 PM, to write their ending time as 11:30 PM on their timesheet.

29. Even when Zubieta wrote on her timesheet that she worked until 1:00 AM, Peralta

told her that he would not pay her for that time, or for the overtime that she worked.

30. Peralta would generally be on site two days per week, and he would collect the timesheets.

31. When Zubieta first started, she received a paycheck for $11.00 per hour and $3.00 per hour in cash. The paychecks did not include any deductions.

32. At some point Zubieta received a pay raise to $16.00 per hour and then another raise to $18.00 per hour and a title change to "supervisor."

33. Zubieta's title change to "supervisor" was essentially a change in title only.

34. As a so-called "supervisor," Zubieta continued to have the same extensive cleaning duties but also had several additional responsibilities including checking the work of the other janitors.

35. In order to receive her payment, Zubieta would go to a local Bodega and stand in a long line with co-workers and other laborers who also worked for RVA Hernandez and waited to receive their paychecks, which the store clerk would provide them.

36. On some occasions, Peralta would hand Zubieta her paycheck at work.

37. Plaintiff's supervisors from ABM and RVA Hernandez, Kaiser Peralta and Robin Vasquez Balcarcel, informed her that ABM does not pay overtime and that it only paid straight time.

38. Zubieta did not receive overtime payments for any hours worked in excess of forty (40) hours per week.

39. Oftentimes, Zubieta was not paid even straight time for hours worked in excess of forty (40) per week, she was simply not paid for overtime hours at all.

40. Zubieta complained on several occasions that she was not being paid for

overtime.

41. She also talked to her co-workers about the Defendants' non-payment of overtime wages.

42. In November of 2022, Zubieta had grown increasingly frustrated, she complained to Peralta about not receiving overtime. He instructed her to speak to the labor broker, RVA Hernandez's supervisor Robin Vasquez Balcarcel.

43. Zubieta spoke to Balcarcel about the non-payment of overtime, Balcarcel accused Zubieta of being a "trouble-maker" for complaining about overtime and he terminated her.

44. Defendants willfully violated the FLSA and VOWA by knowingly failing to pay the full amount of overtime wages due.

45. The pay policies and practices described herein applied to not only Zubieta, but to all laborers who worked for RVA Hernandez at ABM jobsites.

46. At all relevant times Defendants intended to deprive Zubieta and the Putative Class/Collective Members of the overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiff and the Putative Class/Collective Members

47. Defendants' violation of the FLSA and VOWA rights of Zubieta and the Putative Class/Collective Members is continuing and ongoing.

48. Plaintiff and the Putative Class/Collective Members would start their day by signing-in on a paper sign-in sheet.

49. Both ABM, and RVA Hernandez tracked the paper records reflecting hours worked by Plaintiff and the Putative Class/Collective Members.

50. Both ABM, and RVA Hernandez could hire and fire Plaintiff and the Putative Class/Collective Members.

51. Both ABM and RVA Hernandez each had supervisors on site.

52. The economic reality of the relationship between the Defendants and Plaintiff, and the Putative Class/Collective Members, is that of an employment relationship. Plaintiff, and those similarly situated, are, and have been, misclassified as Independent Contractors by Defendants.

53. For example:

    a. Defendants closely monitor and direct the day-to-day operation of Plaintiff and the Putative Class/Collective Members. Plaintiff and the Putative Class/Collective Members have no discretion over their duties, responsibilities and daily tasks.

    b. Defendants retain the right to assign laborers to specific jobs and aspects of those jobs.

    c. Defendants determine the amounts paid to Plaintiff and the Putative Class/Collective Members.

    d. Defendants control all aspects of the availability for profit.

    e. Defendants have massive oversight as to actual conduct of the work to be performed such as specific cleaning implements and supplies, and practices of the trade.

52. ABM is/was the employer or a joint employer of the current Plaintiff and the Putative Class/Collective Members, and the Plaintiff and the Putative Class/Collective Members are and were employees of ABM.

53. RVA Hernandez is/was employers or joint employers of Plaintiff and the Putative Class/Collective Members because they pay or paid Plaintiff and the Putative Class/Collective

Members for the work they performed.

54. ABM and RVA Hernandez are joint employers of Plaintiff and the Putative Class/Collective Members because, among other reasons, ABM and RVA Hernandez jointly determine, share, or allocate the power to:

    a. direct, control, or supervise the Plaintiff and the Putative Class Members;

    b. hire or fire the Plaintiff and the Putative Class Members; and

    c. modify the terms or conditions of the Plaintiff and the Putative Class/Collective Members' employment.

55. In addition, ABM and RVA Hernandez are joint employers of Plaintiff and the Putative Class/Collective Members because, among other reasons, ABM and RVA Hernandez jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; or providing the cleaning equipment, and materials necessary to complete the work. For example, ABM provides the equipment and all of the cleaning supplies for Plaintiff and the Putative Class/Collective Members to complete the work. RVA Hernandez administers the payments to the Plaintiff and the Putative Class/Collective Members for their work. ABM and RVA Hernandez provided supervisors on site.

56. Defendants willfully violated the FLSA (and VOWA) by knowingly failing to pay overtime.

57. At all relevant times the Defendants intended to deprive Plaintiff and the Putative Class/Collective Members of overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiff and the Putative Class/Collective Members.

58. The Defendants' violations of the FLSA and Virginia law rights of the Plaintiff and the Putative Class/Collective Members is continuing and ongoing.

## Collective Action Allegations for FLSA Claims

59. Plaintiff Zubieta files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff.

60. For purposes of the collective claims, Plaintiff Zubieta brings her FLSA claims on behalf of herself and all past and present laborers of ABM who, within the three years prior to filing, were hired through RVA Hernandez to provide cleaning services for the benefit of ABM and who worked more than forty (40) hours per week and were not paid a full overtime premium for hours worked over forty (40).

61. Zubieta is aware of other laborers who are similarly situated. Zubieta estimates that there are in excess of ninety (90) laborers who fit the definition above. The number of laborers is likely greater due to high turnover.

62. Plaintiff Zubieta believes and herein alleges that RVA Hernandez has been used by ABM within the past three years, and continuing, as part of a common plan or scheme to avoid paying overtime wages on cleaning projects.

63. Upon information and belief, these Plaintiff Zubieta and the Putative Collective Members were paid, and continue to be paid, under a similar pay scheme which deprived them of overtime pay.

64. Upon information and belief, these laborers perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

65. Upon information and belief, ABM and RVA Hernandez compensated, and continue to compensate, those similarly situated to Plaintiff Zubieta on a uniform compensation basis.

66. ABM's policy of using RVA Hernandez to avoid paying overtime amounts to a willful or reckless disregard of its employees' rights under the FLSA.

67. Defendants' policy of knowingly not paying overtime owed amounted to a willful or reckless disregard of the employees' rights under the FLSA.

68. ABM and RVA Hernandez had no good faith basis to believe that these employees were not entitled to overtime under the FLSA.

69. Plaintiff Zubieta asserts that ABM and RVA Hernandez's willful disregard of the overtime laws described herein entitles Zubieta individually and the Putative Collective Members to the application of the three (3) year limitations period.

70. At all relevant times, Zubieta and the Putative Collective Members have been entitled to the rights, protections, and benefits provided under the FLSA.

## Class Action Allegations for Claims under Virginia Law

### A. Class Definition

71. Plaintiff, the Rule 23 Class Representative, seeks to maintain claims pursuant to Va. Code § 40.1-28.7:7, individually and on behalf of classes of current and former laborers who:

   a. worked for ABM and RVA Hernandez within Virginia on ABM job sites during any time since July 1, 2020, and were classified as independent contractors.

72. Plaintiff, the Rule 23 Class Representative, seeks to maintain claims pursuant to Va. Code § 40.1-29.2, individually and on behalf of classes of current and former laborers who:

   a. worked for ABM and RVA Hernandez within Virginia during any time since July 1, 2021 who worked more than forty (40) hours in any workweek without receiving full overtime compensation.

73. On information and belief, Plaintiff and all others similarly situated were made to assent to the same pay scheme, the same [mis]classification as Independent Contractors, and the same work requirements.

**B. Efficiency of Class Prosecution of Common Claims**

74. Certification of current and former laborers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Plaintiff and the Putative Class Members. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

**C. Numerosity and Impracticality of Joinder**

75. On information and belief, the class which the Class Representative seeks to represent is ninety (90) or more individuals such that joinder is impracticable.

**D. Common Questions of Law and Fact**

76. Defendants ABM and RVA Hernandez's use of laborers and the propriety of their pay scheme(s) and all Defendants' misclassification of laborers presents common issues of fact in this matter. Moreover, the challenged pay and classification practices apply uniformly and present identical questions of law and fact with respect to the Class Representative and those whom she seeks to represent.

**E. Typicality of Claims and Relief Sought**

77. The claims of the Class Representative are typical of those of the class members as a whole in that their claims are based on the same contract and business and compensation practices. The relief sought by the Class Representative for unpaid overtime wages and misclassification compensation is also typical of the relief which is sought on behalf of the

proposed subclasses.

### F. Adequacy of Representation

78. Plaintiff is an adequate class representative for the classes. Zubieta's interests are co-extensive with those of the members of the proposed classes whom she seeks to represent. Additionally, there is substantial overlap amongst the membership of the subclasses. Plaintiff has intimate knowledge of the duties and the Defendants' relevant pay practices and classification schemes. Plaintiff is committed to being the representative of the classes and has retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G. Rule 23(B)(3) Requirements

79. Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of the nonpayment of full overtime wages by ABM and RVA Hernandez, as well as Defendants' practice of treating their laborers as independent contractors. Such policies and practices are applicable to all class members.

80. A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of numerous individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Numerous individual cases similar to Plaintiff's would clog the Court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue(s) could lead to inconsistent or varying adjudications of the same issue(s).

81. The Putative Class Members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized

contractual compensation practices and their recovery in either an individual or class action will be based on the amount of wages, overtime compensation, or other damages that each Plaintiff has been denied by Defendants.

82.  The Class Representative and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members within the Commonwealth of Virginia.

83.  It is desirable to concentrate the claims in this forum because the employment practices complained with respect to the Class Representative occurred in this forum.

84.  Class Representative and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT I
### Violation of the FLSA: Failure to Pay Overtime Compensation
### (Collective Action)

85.  This count arises from Defendants' violation of the FLSA by failing to pay the correct overtime to Zubieta and the Putative Collective Members when they worked over forty (40) hours in individual workweeks.

86.  Under the applicable legal standards, Plaintiff and the Putative Collective Members were employees of Defendants under the FLSA.

87.  Plaintiff and the Putative Collective Members were paid on an hourly basis and as such were not exempt from the overtime provisions of the FLSA.

88.  Plaintiff and the Putative Collective Members were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

89.  Defendants violated the FLSA by failing to pay the full amount of overtime to Plaintiff and the Putative Collective Members, at one-and-one-half times their regular rate of pay

14

when they worked over forty (40) hours in one or more individual workweeks.

90.     Defendants' failure to pay Plaintiff and the Putative Collective Members one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful.

### COUNT II
### Misclassification of Workers: Violation of Va. Code § 40.1-28.7:7
### (Class Action)

91.     Va. Code § 40.1-28.7:7 permits misclassified workers to bring an action for damages against violating employers.

92.     Plaintiff and others similarly situated, performed janitorial and associated tasks for ABM and RVA Hernandez for remuneration.

93.     Plaintiff and others similarly situated, were misclassified as independent contractors by ABM and RVA Hernandez despite not meeting the "Internal Revenue Service guidelines" for evaluating independent contractor status.

94.     Plaintiff, and others similarly situated, are entitled to damages caused by such misclassification, including wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, and impermissible chargebacks or deductions or other compensation lost, plus reasonable attorneys' fees and costs incurred in bringing this action.

### COUNT III
### Failure to Pay Overtime under VOWA: Violation of Va. Code § 40.1-29.2
### (Class Action)

95.     Defendants have knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2, by failing to pay overtime to Zubieta and the Putative Class Members when they worked over forty (40) hours in individual workweeks.

96. Zubieta, and the Putative Class Members, were not exempt from the overtime provisions of Va. Code § 40.1-29.2.

97. Zubieta, and the Putative Class Members, are and were directed by ABM and RVA Hernandez to work, and did work, over forty (40) hours in one or more individual workweeks.

98. Defendants did not pay Zubieta, and the Putative Class Members, their overtime compensation.

99. ABM and RVA Hernandez violated Va. Code § 40.1-29.2 by failing to pay overtime to Zubieta, and the Putative Class Members, at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

100. ABM and RVA Hernandez's failure to pay Zubieta and the Putative Class Members one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful or knowing.

101. Zubieta brings this action on behalf of the class for all violations alleged herein commencing July 1, 2021, and ongoing.

102. For the time period of July 1, 2021 – June 30, 2022, pursuant to Va. Code §§ 40.1-29.2 and 40.1-29(J), Zubieta and the Putative Class Members are entitled to recover payment of their unpaid overtime wages, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees. Further, if Defendants' violation was a "knowing" violation, then Zubieta and the Putative Class Members are entitled to recovery of triple damages. For the time period of July 1, 2022, forward, Zubieta and the Putative Class Members are entitled to recovery of damages permitted under the current iteration of Va. Code § 40.1-29.2.

## COUNT IV
### Violation of the FLSA: Retaliation
### (Individual Claim by Zubieta)

103. In November 2022, Zubieta complained to her ABM supervisor, Peralta, about not receiving overtime payments. She had complained several times before about not receiving overtime. Peralta instructed her to speak to the labor broker, RVA Hernandez's supervisor Robin Vasquez Balcarcel.

104. Zubieta spoke to Balcarcel about the non-payment of overtime, Balcarcel then accused Zubieta of being a "trouble-maker" for complaining about non-payment of overtime wages and terminated her.

105. Defendants showed a reckless disregard for Zubieta's right to be free from termination in retaliation for raising complaints of non-payment of overtime wages pursuant to the FLSA. Defendants' own words in which Balcarcel called Zubieta a "trouble-maker" for raising issues and talking to her co-workers about non-payment of overtime wages and his actions including terminating Zubieta are direct evidence of Defendants' retaliatory animus against Zubieta. Defendants intentionally and/or willfully violated Zubieta's right to be free from retaliation under the FLSA.

106. As a result of her retaliatory termination, Zubieta suffered pecuniary and non-pecuniary damages including lost wages, benefits, emotional distress, humiliation, embarrassment, and other suffering.

## Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendants, individually, collectively, jointly, and severally:

    a. An order conditionally certifying Putative Collective Action Members and approving a notice to be sent to all such members, notifying them of this

    representational lawsuit and their ability to file a written consent to join in this FLSA action without threat or fear of reprisal;

b. Certification of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Judgment against all Defendants for violations of the overtime provisions of the FLSA and VOWA;

d. All unpaid wages and overtime damages due to Plaintiff and Members of the FLSA Collective and the state law class action claims;

e. Judgment that Defendants' violations of overtime laws were willful;

f. Liquidated damages equal to the unpaid overtime and/or unpaid wage compensation due under FLSA and VOWA;

g. Treble damages for all violations of VOWA occurring between July 1, 2021 and June 30, 2022.

h. All other damages available under Va. Code § 40.1-29(J) for all claims where such relief is available;

i. All unpaid wages, salary, or benefits due to the Class as result of Defendants misclassification scheme pursuant to Va. Code § 40.1-28.7:7;

j. Pre-judgment and post-judgment interest;

k. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

l. Judgment that Defendants retaliated against Zubieta in violation of the FLSA, and entry of an award to Zubieta for full relief including actual damages for lost wages, plus an equivalent amount of liquidated damages for all wages

awarded, plus compensatory damages in an amount to be determined by the jury for her retaliatory discharge, along with pre-judgment interest, and attorneys' fees against the Defendants;

m. Leave to amend to bring additional claims and/or parties, including but not limited to allowing named and opt-in Plaintiffs to proceed with her individual claims should this case not proceed as a collective or class action for any reason; and

n. Any and all further relief permissible by law.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a TRIAL BY JURY for all claims and issues so triable.

Respectfully submitted,
**Odilia Julieth Leguizamon Zubieta, Individually on behalf of herself and all others similarly situated**,
Plaintiff

By:/s/*Craig Juraj Curwood*
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
Email: craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

*Attorneys for Plaintiff*